UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHIRLEY A. WILSON,

                Plaintiff,                            Civil Action No. 12-cv-13609

         v.                                   Hon. Sean F. Cox
                                            Magistrate Judge Laurie J. Michelson

HSBC BANK, USA, NATIONAL
ASSOCIATION, AS TRUSTEE FOR
THE BENEFIT OF CERTIFICATE HOLDERS
OF NOMURA HOME EQUITY LOAN INC.,
ASSET-BACKED CERTIFICATES, SERIES
2006-FM2; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.; and
RANDALL S. MILLER & ASSOCIATES, P.C.,

                Defendants.
_____/

**REPORT AND RECOMMENDATION GRANTING
DEFENDANTS' MOTIONS TO DISMISS AND/OR FOR
SUMMARY JUDGMENT [5, 10]**

In July 2012, Shirley A. Wilson ("Plaintiff") filed a Complaint in Oakland County Circuit

Court that was subsequently removed to this Court.  (Dkt. 1, Ex. 1, Compl.)  Plaintiff alleges that

Defendants HSBC Bank, USA, National Association, as trustees for the benefit of certificate holders

of Nomura Home Equity Loan Inc., Asset-Backed Certificates, Series 2006-FM2 ("HSBC"),

Mortgage Electronic Registration Systems, Inc. ("MERS"), and Randall S. Miller & Associates, P.C.

("RSM") (collectively "Defendants"), violated federal and state laws in foreclosing on her home.

(*Id.*)  Specifically, Plaintiff sued Defendants alleging 1) entitlement to injunctive relief (count I); 2)

violation of Michigan's foreclosure by advertisement statute, MICH. COMP. LAWS  § 600.3204, *et*

*seq.* (count II); 3) entitlement to quiet title relief (count III); 4) wrongful foreclosure in violation of

MICH. COMP. LAWS § 600.3201, *et seq.* (count IV); 5) failure to comply with 12 U.S.C. § 1701x(c)(5) (count V); 6) violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") (count VI); and 7) fraudulent assignment (count VII). Presently before the Court for Report and Recommendation are Defendants' Motions to Dismiss and/or for Summary Judgment. (Dkts. 5 & 10.) The Court has carefully considered Defendants' Motions, Plaintiff's Response (Dkt. 12), and will forgo oral argument. *See* E.D. Mich. LR 7.1(f).

For the following reasons, this Court **RECOMMENDS** that Defendants' Motions for Summary Judgment/Dismissal be **GRANTED**.

# I. FACTUAL BACKGROUND

## A.    Plaintiff's Mortgage

On or about May 6, 2006, Plaintiff Shirley A. Wilson obtained a residential mortgage loan from Freemont Investment & Loan Corporation ("FILC") in the amount of $189,000.00. (Dkt. 1, Pg. ID 17-18.) To secure her debt, Plaintiff issued FILC a mortgage against the property located at 17032 Coral Gables, Southfield, Michigan 48076 (the "Property") naming Mortgage Electronic Registration Systems, Inc. ("MERS") as mortgagee. (*Id.* at 18 & Ex. A.)

On or about June 8, 2010, Plaintiff entered into a Home Affordable Modification Agreement ("HAMA") with Litton Loan Servicing, LP, a loan servicer, which was recorded with the Oakland County Register of Deeds on June 18, 2010, Liber No. 42152, p. 174. (*Id.*, Ex. B.) The HAMA expressly provided that Wilson would "be in default if [she did] not comply with the terms of the Loan Documents, as modified by this Agreement" and that "the Loan Documents are composed of duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed." (*Id.*, Ex. B.)

2

### B.    Plaintiff Defaults On Her Mortgage Obligations

Plaintiff defaulted on her loan obligations sometime after entering into the HAMA.  (*See* RSM's Mot. to Dismiss, Ex. 1.)  Defendant Randall S. Miller ("RSM") agreed to represent Ocwen Loan Servicing, LLC in the foreclosure of the Property.[1]  (RSM Mot. to Dismiss, Ex. 2.)  On December 12, 2011, RSM sent Wilson a written notice stating that RSM "has been retained by Ocwen Loan Servicing LLC, who either services or holds your mortgage, to commence foreclosure proceedings against [Plaintiff's] property."  (RSM's Mot. to Dismiss, Ex. 4.)  The letter further offered to provide Plaintiff with verification of the amount due and the name of the original creditor upon her request.  (*Id.*)  Plaintiff did not contact RSM to obtain additional information or dispute her default or the foreclosure.  (RSM's Mot. to Dismiss, at p. 3.)

Beginning on December 14, 2011, RSM published the foreclosure notice in the Oakland County Legal News for four consecutive weeks.  (RSM's Mot. to Dismiss, at 3; *see also* Dkt. 1, Ex. D.)  RSM also had a foreclosure notice posted on the property on December 17, 2011.  (RSM's Mot. to Dismiss, at 3; *see also* Dkt. 1, Ex. C.)  On December 21, 2011, MERS assigned the mortgage to HSBC Bank USA, National Association, as Trustee for the Benefit of the Certificateholders of Nomura Home Equity Loan, Inc., Asset-Backed Certificates, Series 2006-FM2 ("HSBC").  (Dkt. 1, Ex. E.)  The assignment from MERS to HSBC was recorded in the Oakland County Records on January 6, 2012.  (Dkt. 1, Ex. E.)

---

[1] Effective September 1, 2011, Plaintiff was made aware that Ocwen was the servicing agent of the mortgage.  (RSM's Mot. to Dismiss, Ex. 3.)  The joint letter from Litton to Ocwen informed Plaintiff that Litton "will transfer the servicing of your loan account to Ocwen Loan Servicing, LLC," effective September 1, 2011.  The letter was sent pursuant to the Real Estate Procedures Act requiring both the current servicer and the transferee servicer to notify the borrower of any assignment, sale, or transfer of the servicing of the loan.  *See* 12 U.S.C. §§ 2605(b)(1), (c)(1).

3

On January 17, 2012, the Property was sold at a foreclosure sale.  (Dkt. 1, Ex. F.)

## II.  STANDARD OF REVIEW

Motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) are analyzed under the same standard as motions to dismiss pursuant to Rule 12(b)(6).  *See Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010).

In reviewing a motion to dismiss under Fed. R. Civ. P.  12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff," but the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Hunter v. Sec'y of U.S. Army,* 565 F.3d 986, 992 (6th Cir. 2009) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)).  To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "sufficient factual matter" to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The plausibility standard is not a "probability requirement," but it does require "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents referenced in the pleadings and central to the plaintiff's claims, (2) matters of which a court may properly take notice, and (3) public documents. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 127 S. Ct. 2499, 2509, 168 L. Ed. 2d 179 (2007); *Amini* v. *Oberlin College,* 259

4

F.3d 493, 502 (6th Cir. 2001). The court's consideration of these document does not require conversion of the motion to one for summary judgment. *Greenberg* v. *Life Ins. Co. of Virginia,* 177 F.3d 507, 514 (6th Cir. 1999).

Turning to Defendants' alternative request for relief, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material only if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). On a motion for summary judgment, the court must view the evidence, and any reasonable inferences drawn from the evidence, in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted); *Redding v. St. Eward*, 241 F.3d 530, 531 (6th Cir. 2001).

The moving party may discharge its initial summary judgment burden by "pointing out to the district court . . . that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) (explaining that the moving party may carry its summary judgment burden without "produc[ing] evidence showing the absence of a genuine issue of material fact, even with respect to an issue on which the nonmoving party bears the burden of proof"). If the moving party does so, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587. A party must support its assertions by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or;

5

> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). The Court must determine whether the evidence presents a sufficient factual disagreement to require submission of the challenged claims to a jury, or whether the evidence is so one-sided that the moving party must prevail as a matter of law. *Anderson*, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.").

## III. ANALYSIS

### A.    Plaintiff Failed To Show Clear Fraud Or Irregularity

Defendants argue that after the expiration of the redemption period, Plaintiff had no standing to challenge the validity of the foreclosure as a matter of law. Michigan's redemption statute provides:

> Unless the premises described in [a foreclosure sale deed] shall be redeemed within the time limited for such redemption as hereinafter provided, such deed shall thereupon become operative, and shall vest in the grantee therein named . . . all the right, title and interest which the mortgagor had at the time of the execution of the mortgage . . . .

MICH. COMP. LAWS § 600.3236; *see also Senters v. Ottawa Sav. Bank, FSB*, 443 Mich. 45, 52-53 (1993) (recognizing that "the rights of the parties [are] controlled by statute"). As such, when the redemption period ends, "all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage" vests in the person who purchased the property at the sheriff's sale. *See Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 182 (1942); *Mission of Love v. Evangelist Hutchinson Ministries*, No. 266219, 2007 WL 1094424, at *5 (Mich. Ct. App. Apr. 12, 2007); *Awad v. Gen. Motors Acceptance Corp.*, No. 302692, 2012 WL 1415166, at *4 (Mich. Ct. App. Apr. 24,

6

2012).

A strict reading of the Michigan statute suggests that once the redemption period expires, a homeowner loses her legal interest in the property. *El-Seblani v. Indymac Mortgage Servs.*, No. 12-1046, 2013 WL 69226, at *3 (6th Cir. Jan. 7, 2013) (citing *Senters*, 503, N.W.2d at 643). However, Michigan courts allow "an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in order to keep a plaintiff's suit viable, provided he makes a clear showing of fraud, or irregularity by the defendant." *Id.* (quoting *Schulthies v. Barron*, 167 N.W.2d 784, 785 (Mich. Ct. App. 1969) (internal quotation marks omitted)); *see also Overton v. MERS*, No. 284950, 2009 WL 1507342 (Mich. Ct. App. May 28, 2009); *Freeman v. Wozniak*, 617 N.W.2d 46, 49 (Mich. Ct. App. 2000). Under *El-Seblani*, it is more accurate to determine, therefore, whether a homeowner has made a showing of "fraud or irregularity" in connection with the sale of her home sufficient to undo the divestment of the property. *El-Seblani*, 2013 WL 68226, at *4.

A recent Sixth Circuit case indicates that whether the issue is classified as one of standing or a merits determination, one thing is certain: "a plaintiff mortgagor must meet this high standard in order to have a foreclosure set aside after the lapse of the statutory redemption period." *Conlin v. MERS*, No. 12-2021, 2013 WL 1442263, at *3 (6th Cir. Apr. 10, 2013) (citing *El-Seblani*) (internal quotation marks omitted). The Court cautioned that not just any type of fraud would suffice. Rather, "the misconduct must relate to the foreclosure process itself." *Id.*

As discussed *infra*, this Court finds that Plaintiff has failed to make a clear showing of fraud or irregularity in connection with the foreclosure process itself, therefore, Plaintiff is not entitled to a rescission of the foreclosure sale.

**B.     Counts II & III—Wrongful Foreclosure & Quiet Title,** MICH. COMP. LAWS § **600.3204(a); §600.3205(a)**

Plaintiff claims that HSBC failed to comply with MICH. COMP. LAWS 600.3204(4)(a), which requires HSBC to notify Plaintiff of her statutory rights to negotiate a modification, and, therefore, the foreclosure sale was void *ab initio*.  However, even if Plaintiff's allegations are true, the remedy under § 600.3205 is to convert the foreclosure by advertisement to a judicial foreclosure: "If a mortgage holder or mortgage servicer begins foreclosure proceedings under this chapter in violation of this section, the borrower may file an action in circuit court for the county where the mortgaged property is situated to convert the foreclosure proceeding to a judicial foreclosure."  MICH. COMP. LAWS § 600.3205(c)(8).  This statute does not permit the Court to enjoin or set aside a completed foreclosure sale, or to order that Defendant grant a loan modification to Plaintiff.  *Id.*  "The statute plainly requires the borrower to seek [her] remedy prior to the completion of the foreclosure sale, as it merely converts the proceeding into one of judicial foreclosure."  *Benford v. CitiMortgage, Inc.*, No. 11-12200, 2011 U.S. Dist. LEXIS 130935, at *13-14 (E.D. Mich. Nov. 14, 2011) (citing cases).

For this reason, Counts II and III should be dismissed.

**C.     Count IV—Wrongful Foreclosure,** MICH. COMP. LAWS § **600.3201**, *et seq.*

Plaintiff next claims that HSBC "lacked standing to have commenced" with the foreclosure sale of her home loan in violation of MICH. COMP. LAWS § 600.3204 and § 600.3205.  (Dkt. 1, Compl. ¶¶ 22-29.)  Plaintiff relies on *Davenport v. HSBC Bank USA*, 275 Mich. App. 344 (2007) for the proposition that the assignment of a mortgage must be recorded prior to the first publication of a notice of foreclosure, and that failure to do so renders the foreclosure not just voidable, but void *ab initio*.  (Pl.'s Resp., p. 15.)  Plaintiff misstates what is required by the notice provisions of MICH. COMP. LAWS § 600.3204(a)(3).  Section 3204(a)(3) provides that "[i]f the party foreclosing a

8

mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of sale under section 3216 evidencing the assignment of the mortgage to the party foreclosing the mortgage." Here, although HSBC was not the original mortgagee, it became the mortgagee on December 21, 2011. (*See* Dkt. 1, Compl., Ex. E.) The sheriff's sale occurred on January 17, 2012, (Compl. ¶ 19), therefore, a record chain of title existed prior to the date of sale and HSBC complied with the terms of § 3204(a)(3). Further, a foreclosure completed by MERS or an assignee of MERS is permitted under the foreclosure by advertisement statute. *See Residential Funding Co., LLC v. Saurman,* 490 Mich. 909, 909 (2011). Here, MERS assigned the mortgage to HSBC, which enforced its contractual rights by foreclosing when Plaintiff defaulted on her loan.

Moreover, to the extent Plaintiff relies on *Davenport*, that case has been abrogated by *Kim v. JPMorgan Chase Bank, N.A.*, 825 N.W.2d 329 (Mich. 2012). Post-*Kim,* defects under § 600.3204 are only actionable on a showing of prejudice. In fact, the Sixth Circuit recently rejected a similar foreclosure argument. *See Conlin*, 2013 WL 1442263, at *4. In *Conlin*, the Sixth Circuit noted that even had the assignment from MERS to the successor Bank been invalid, thereby creating a defect in the foreclosure process under § 600.3204(1)(d), the plaintiff still would not have been able to show sufficient prejudice. *Id*. at *5. The Court reasoned that the plaintiff there had not shown that he would be subject to liability to anyone other than the Bank, the plaintiff could not show that he would have been in any better position to keep the property absent the defect, and the plaintiff could not show prejudice in any other way. *Id*. Moreover, the Court concluded that the plaintiff failed to make a clear showing of fraud in the foreclosure process required to challenge the foreclosure after the expiration of the six-month redemption period. *Id.* (citing *Sweet Air Inv. v. Kenney*, 739 N.W. 2d 656, 662 (Mich. Ct. App. 2007) (rejecting a claim of foreclosure-defect

prejudice where the party seeking the set-aside was "not timely in challenging the validity of the foreclosure sale . . . [and] made no effort to redeem")).  For all of these reasons, the Sixth Circuit held that because the statutory redemption period lapsed and the plaintiff suffered no prejudice, plaintiff's wrongful foreclosure claim failed.  *Id*.  For the same reasons discussed in *Conlin,* Plaintiff has failed to make a  showing of prejudice here.

For all of these reasons, Count IV should be dismissed.

### D.      Count V—National Housing Act, 12 U.S.C. § 1701x(C)(5)

Plaintiff next alleges that Defendants HSBC Bank and Litton Loans failed to comply with the National Housing Act, 12 U.S.C. 1701x(C)(5), when they failed to offer counseling services that she was entitled to prior to foreclosure proceedings.  However, there is no private right of action for breach of HUD regulations or FHA policy.  *Agbay v. Wells Fargo Bank, N.A.*, No. 11-14060, 2012 WL 3029825, at *6 (E.D. Mich. Jul. 25, 2012).  There is also no private right of action available to a mortgagor for a mortgagee's noncompliance with 12 U.S.C. § 1701.  *Fed. Nat. Mortg. Ass'n v. LeCrone*, 868 F.2d 190, 193 (6th Cir.1989) (no express or implied right of action in favor of the mortgagor exists for violation of HUD mortgage servicing policies)).  Therefore, Plaintiff's claim under 12 U.S.C. § 1701 fails as a matter of law.

### E.      Count VI—Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(5)

Plaintiff contends that RSM violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e(5).  Section 1692e provides, in general, that "a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.  Plaintiff  alleges that RSM "threat[ened] to take [] action that [could] not legally be taken or that is not intended to be taken" in violation of 15 U.S.C. § 1692e(5).  There is an

underlying problem with Plaintiff's claim that RSM unlawfully foreclosed on Plaintiff's property due to a fatal flaw in the title work.   (Dkt. 1, Compl. ¶¶ 62-71.)   As previously discussed in Part C *supra,* Defendants did not violate the Michigan foreclosure statutes, M.C.L. § 600.3201, *et seq.*, and a record chain of title existed prior to the foreclosure sale.   As a result, RSM lawfully commenced with foreclosure proceedings upon Plaintiff's default and Count VI should be dismissed.

### F.    Count VII—Fraudulent Assignment

Plaintiff alleges that Defendants committed fraud. (Dkt. 1, Compl.  ¶¶ 72-82.)  Defendants argue that Plaintiff has failed to meet the pleading requirements for fraud required by Federal Rule of Civil Procedure 9(b).  When alleging fraud, the complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Indiana State Dist. Council of Laborers and Hod Carriers Pension and Welfare Fund v. Omnicare, Inc*., 583 F.3d 935, 942–43 (6th Cir. 2009) (internal quotation marks and citation omitted).  Moreover, a party must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of [the other party]; and the injury resulting from the fraud." *Coffey v. Foamex L.P.*, 2 F.3d 157, 161–62 (6th Cir. 1993) (internal quotation marks and citations omitted).  "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Where there are multiple defendants, the claim must identify which of the defendants made the alleged misrepresentations. *Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 745 (6th Cir. 1992).

As an initial matter, this Court notes that Plaintiff's fraud claim rests on the alleged invalidity of the assignment to HSBC; however, Plaintiff contractually agreed that MERS possessed the power

to transfer rights in the property. (Dkt. 1, Compl., Ex. A. at 2-3.) Moreover, as previously discussed in Part C, *supra*, a record chain of title existed between MERS and HSBC prior to the date of the foreclosure sale thereby permitting HSBC to enforce its contractual rights when Plaintiff defaulted on her loan. And, even if there were a violation of the foreclosure statutes, Plaintiff has not shown that she was prejudiced in any way.

This Court additionally concludes that Plaintiff's allegations of fraud were not pleaded with the particularity required by Rule 9(b). Plaintiff has failed to plead specific information about where and when the statements were made, why the statements are fraudulent, the fraudulent scheme, and the fraudulent intent of the Defendants.

For all of these reasons, Count VII should be dismissed.

### G.      Count I—Injunctive Relief

Plaintiff finally alleges that HSBC Bank lacked standing when it commenced with the foreclosure of her property in violation of Michigan foreclosure law rendering the sale void *ab initio*. Plaintiff requests an injunction staying any further judicial proceedings by Defendants. Plaintiff further seeks to vacate the sheriff's sale that took place on January 17, 2012, to quiet title in her name, and damages as set forth in the Complaint. It is not necessary to reach the merits of Plaintiff's claim for injunctive relief because, as discussed in Parts B & C *supra,* HSBC did not violate Michigan foreclosure law and a claim for injunctive relief is not a stand alone cause of action, but is a derivative claim for a remedy. *See Tann v. Chase Home Fin., L.L.C.*, No. 10-146696, 2011 WL 3799841, at *10 (E.D. Mich. Aug. 26, 2011).

## IV.  CONCLUSION

Accordingly, as the statutory redemption period has lapsed and Plaintiff has alleged no discernible prejudice, this Court **RECOMMENDS** that Defendants' Motions for Summary Judgment/Dismissal be **GRANTED** and that Plaintiff's Complaint be dismissed.

## V.  FILING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97.  Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office.  *See* E.D. Mich. LR 5.1.  A copy of any objections is to be served upon this magistrate judge but this does not constitute filing.  *See* E.D. Mich. LR 72.1(d)(2).  Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response.  E.D. Mich. LR 72.1(d)(3), (4).

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES MAGISTRATE JUDGE

Dated:  April 23, 2013

13

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on April 23, 2013.


<u>s/Jane Johnson </u>
Deputy Clerk

14