UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHIRLEY A. WILSON,

    Plaintiff,

v.                                                                                                  Case No.: 12-cv-13609

HSBC BANK, USA, NATIONAL ASSOCIATION,                    Sean F. Cox
AS TRUSTEE FOR THE BENEFIT OF CERTIFICATE            United States District Court
Judge HOLDERS OF NOMURA HOME EQUITY LOAN INC.,
ASSET-BACKED CERTIFICATES, SERIES 2006-FM2;             Laurie J. Michelson
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,        United States Magistrate Judge
INC.; and RANDALL S. MILLER & ASSOCIATES, PC,

    Defendants.
_____/

**OPINION AND ORDER
ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION**

Before the Court is Plaintiff Shirley A. Wilson's ("Wilson") objection to Magistrate Judge Laurie J. Michelson's Report and Recommendation, which recommends that this Court **GRANT** Defendants HSBC Bank and Mortgage Electronic Registration Systems, Inc's motions to dismiss Defendant Randall S. Miller & Associates, P.C.'s motion to dismiss and/or motion for summary judgment. In the Complaint, Wilson challenges, among other things, the foreclosure and sale of her home at sheriff's auction. The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decision making process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided on the briefs. For the reasons, the Court **ACCEPTS** and **ADOPTS** Magistrate Judge Michelson's Report and Recommendation [Docket Entry No. 18].

1

## BACKGROUND[1]

On or around May 6, 2006, Wilson executed a promissory note for a residential mortgage loan in the amount of $189,000 with the lender, Freemont Investment & Loan Corporation ("Freemont"). (Docket Entry No. 1-1, at 5–6, ¶ 13–14.) The debt was secured by a mortgage issued to Freemont on property located at 17032 Coral Gables, Southfield, Michigan 48076 ("the property). (*Id.* at 6, ¶ 14; Docket Entry No. 1-1, at 27–28.) The mortgage names Mortgage Electronic Registration System, Inc. ("MERS") as mortgagee, acting solely as nominee for Freemont and its successors and assigns. (Docket Entry No. 1-1, at 27.)

On or around June 8, 2010, Wilson entered into a Home Modification Agreement with Litton Loan Servicing, LP, "who [Wilson contends] purported to the be the Lender or Servicer." (*Id.* at 6, ¶ 15.) Sometime after executing the Home Modification Agreement, Wilson allegedly defaulted on her loan obligation. (*Id.* at 6, ¶ 16.) Notice of foreclosure was posted notice of foreclosure on the property on or around December 17, 2011, and was published in the Oakland County Legal News for four consecutive weeks beginning on December 14, 2011. at 6, ¶¶ 16–17.)

On December 21, 2011, MERS assigned the mortgage to HSBC Bank USA, National Association, as Trustee for the Benefit of the Certificateholders of Nomura Home Equity Loan Inc., Asset-Backed Certificates, Series 2006-FM2 (hereinafter referred to as "HSBC Bank"). (*Id.* at 6, ¶ 18.) The assignment was recorded in the Oakland County Records on or around January 4, 2012. (*Id.*) The property was sold at a foreclosure sale on or around January 17, 2012, to HSBC Bank. (*Id.* at 6–7, ¶¶ 19–20.)

---

[1] The factual and procedural background of this action is provided in greater detail in the parties' briefs and Judge Michelson's Report and Recommendation.

On or around July 16, 2012, Wilson filed her Complaint in the Oakland County Circuit Court, advancing claims of (1) Injunctive Relief; (2) Wrongful Foreclosure by HSBC Bank Pursuant to M.C.L. § 600.3204(4) and M.C.L. § 600.3205a; (3) Action to Set Aside Foreclosure and Quiet Title; (4) Wrongful Foreclosure by HSBC Bank in Violation of M.C.L. § 600.3201, et seq.; (5) Failure to Comply with 12 U.S.C. § 170X(C)(5) by HSBC Bank; (6) Threat to Take Action that Cannot be Legally Taken - In Violation of 15 U.S.C. § 1692(e)(5) by Defendant Randall S. Miller & Associates, PC; and (7) Fraudulent Assignment as to HSBC Bank, Randall S. Miller & Associates, PC and MERS. (Docket Entry No. 1-1, at 7–20.)

On August 14, 2012, the HSBC Bank and MERS filed the Notice of Removal on the basis of diversity jurisdiction. (Docket Entry No. 1.)

## STANDARD OF REVIEW

Motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) seek dismissal of a Complaint for failure to state a claim upon which relief can be granted. FED. R. CIV. P 12(b)(6). "[A] complaint survives a motion to dismiss if it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Reilly v. Vadlamudi*, 680 F.3d 617, 622–23 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678, 129 S.Ct. at 1949.

Summary judgment under Rule 56 should be granted when "there is no genuine issue as to

3

any material fact and the moving party is entitled to judgment as a matter of law."[2] FED. R. CIV. P. 56(c).

## ANALYSIS

Wilson contends that (1) her right of redemption was tolled and that she has adequately alleged fraud or other irregularity in the foreclosure process; (2) the foreclosure sale is void or voidable because she was not notified of her right to modify the loan; (3) the foreclosure sale is void or voidable because the assignment of the mortgage was executed after the first notice of foreclosure was posted; (4) she has a private right of action under the National Housing Act; (5) Defendant Randall S. Miller & Associates, PC, violated the Fair Debt Collection Practices Act; (6) her claim of fraudulent assignment was pleaded with the requisite particularity under Federal Rule 9(b); and (7) injunctive relief should be granted for the aforementioned reasons. (Docket Entry No. 19, at 4–13.)

**A.    Tolling of the Redemption Period/Fraud or Irregularity.**

Wilson argues that she has standing to file this action because her statutory right of redemption was tolled when she filed her lawsuit, and because she has pleaded fraud or other irregularity with regard to the foreclosure process. (Docket Entry No. 19, at 4–7.)

The fact that Wilson filed her lawsuit before her redemption period expired does not toll the redemption period. *See Federal Home Loan Mortg. Corp. v. Hassell*, No. 11-14564, 2013 WL 823241, at * 3–4 (E.D. Mich. March 6, 2013) ("Even if an action challenging a foreclosure is filed *before* the expiration of the redemption period—which is not the case here—this does not toll the

---

[2] Defendant Randall S. Miller & Associates, P.C. is the only party that has moved for summary judgment in this action.

running of the redemption period and does not change this result."); *Kumar v. U.S. Bank Nat'l Ass'n*, 12-cv-12624, 2013 WL 783999, at * 2 (E.D. Mich. March 1, 2013) (holding that filing a lawsuit is insufficient to toll the redemption period).

Furthermore, for the reasons mentioned in Magistrate Judge Michelson's Report and Recommendation and for the reasons that follow, Wilson's claim fails because she failed to sufficiently plead fraud under Federal Rule 9(b) and has not shown prejudice with regard to the foreclosure process under *Kim v. JPMorgan Chase Bank*, *N.A.*, 493 Mich. 98, 115–16, 825 N.W.2d 329, 337 (2012) (holding that defects or irregularities in a foreclosure proceeding result in a foreclosure that is voidable, which require proof that the plaintiff was prejudiced by defendant's failure to comply with M.C.L. § 600.3204, which can be satisfied upon a showing that he or she would have been in a better position to preserve his or her interest in the property absent defendant's noncompliance with the statute).

**B.    Loan Modification.**

Wilson alleges that because she was not notified of her right to negotiate a loan modification under M.C.L. § 600.3204(4), her interest in title "is superior as Defendant's claim to the property has no merit" and HSBC Bank's interest is either void or voidable. (Docket Entry No. 19, at 8–9.) She also alleges that, "[s]ince *Kim* was decided after the filing of this case, the motion to dismiss should not be granted and instead dismissed without prejudice to be resubmitted if necessary after discovery period ends." (*Id*. at 9.)

Even assuming that Wilson's allegations are true, her only remedy was to convert the foreclosure by advertisement to a judicial foreclosure. *See Juliao v. Mortgage Electronic Registration System, Inc*., No. 12-14471, 2013 WL 1147655, at * 2–3 (E.D. Mich. March 19, 2013);

*Ware v. Deutsche Bank Nat'l Trust Co.*, No. 12-10957, 2013 WL 592549, at * 8–9 (E.D. Mich. Feb. 14, 2013). Because Wilson did not seek to convert the foreclosure by advertisement to a judicial foreclosure prior to the foreclosure sale, and because there is no indication in Wilson's Complaint that she was prejudiced under *Kim*, apart from her allegation that she did not receive notice of her right to a loan modification meeting, this Court cannot grant the relief that she requests. "[A] breach of the loan modification statutes does not preclude [a] bank from foreclosing. Rather, it gives the plaintiff an option to convert a foreclosure by advertisement proceeding to a judicial foreclosure. Thus, a violation of the loan modification statute, standing alone, is not enough to show fraud or irregularity under *Kim*." *Acheampong v. Bank of New York Mellon*, No. 12-cv-13223, 2013 WL 173472, at * 7–8 (E.D. Mich. Jan. 16, 2013) (internal citations omitted).

Finally, with regard to Wilson's request that the motion to dismiss not be granted and instead dismissed without prejudice to be resubmitted if necessary after discovery period ends, Wilson has not sufficiently alleged fraud or other irregularity in her Complaint or in her objections to the Report and Recommendation. Furthermore, Wilson did not file a motion for leave to amend her Complaint or for supplemental briefs after *Kim* was decided. Wilson's request is **DENIED**.

**C.     Assignment of the Mortgage – Wrongful Foreclosure.**

Wilson alleges that the foreclosure sale is void *ab initio* because the assignment of the mortgage by MERS to HSBC occurred after the first notice of foreclosure was posted, when "a record chain of title did not exist at the time of foreclosure." (Docket Entry No. 19, at 9.) In the alternative, Wilson contends that foreclosure is voidable under *Kim* because of an irregularity in the foreclosure process, namely the failure to receive notice of her statutory right to a loan modification mediation. (*Id.*)

6

Wilson relies on *Davenport v. HSBC Bank, USA*, 275 Mich. App. 344, 739 N.W.2d 383 (2007), for the proposition that the foreclosure is void *ab initio* because MERS posted the first notice of foreclosure and then assigned the mortgage to HSBC. However, *Davenport* does not stand for this proposition. In *Davenport*, Defendant HSBC bank published its first notice of foreclosure prior to the date on which it was assigned the mortgage, meaning it did not have any interest in the property when it initiated the foreclosure proceedings. *Id.* at 345–46, 739 N.W.2d at 383–84 ("In this case, defendant did not own the mortgage or an interest in the mortgage on October 27, 2005[, the date in which it initiated foreclosure proceedings by publishing its first notice of foreclosure]. Nonetheless, defendant proceeded to commence foreclosure proceedings at that time. Quite simply, defendant did not yet own the indebtedness that it sought to foreclose.").

Here, MERS had an interest in the property when it initiated the foreclosure process by filing the first notice of foreclosure. It then transferred that interest to HSBC Bank prior to the date of the foreclosure sale. Michigan Complied Law Section 600.3204(a)(3) provides that "[i]f the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of sale under section 3216 evidencing the assignment of the mortgage to the party foreclosing the mortgage." M.C.L. § 600.3204(a)(3). A record chain of title between MERS and HSBC Bank existed prior to the date of the foreclosure sale.

Regardless, *Davenport* has been since abrogated by *Kim*, which provides that defects under § 600.3204 are only actionable when a plaintiff shows prejudice. As mentioned in the previous section, Wilson has not alleged any facts in her Complaint, or in her objection to the Report and Recommendation, suggesting that she was prejudiced in any way by fraud or a structural defect in the foreclosure proceedings under *Kim*. *See also Conlin v. Mortgage Electronic Registration*

7

*Systems, Inc*, 714 F.3d 355, 362 (6th Cir. 2013) ("Post-*Kim*, Michigan mortgagors seeking to set aside a sheriff's sale under § 600.3204 will have to demonstrate prejudice (e.g., double liability), *cf. Livonia Properties*, 399 Fed.Appx. at 102, in the same way that those seeking a set-aside based on § 600.3208 (e.g., lack of actual notice) already must do.").

### D.     National Housing Act Claim.

In her Complaint, Wilson alleges a violation of the National Housing Act, 12 U.S.C. § 1701x(c)(5), for failure to offer home-ownership counseling. (Docket Entry No. 1-1, at 13–14.) In her objection, Wilson relies on a statement by the Secretary of HUD as controlling authority for a private cause of action under the National Housing Act. (Docket Entry No. 19, at 10.)

There is no private right of action for non-compliance with the National Housing Act. *See Meyer v. Citimortgage, Inc.*, No. 11-13432, 2012 WL 511995, at * 3 (E.D. Mich. Feb. 16, 2012) ("It is well-established that the National Housing Act and attending regulations do not expressly or implicitly create a private right of action to mortgagors for a mortgagee's noncompliance with the Act or regulations.").

### E.     Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(5).

Wilson contends that Defendant Randall S. Miller & Associates, PC, violated the Fair Debt Collection Practices Act because it threatened her with foreclosure, advertised the foreclosure, sent her several collection letters and followed through with foreclosure, even though it knew that the foreclosure proceedings did not comply with Michigan law. (Docket Entry No. 19, at 10–12.)

For the aforementioned reasons, and for the reasons mentioned in Magistrate Judge Michelson's Report and Recommendation, Defendants did not violate Michigan foreclosure statutes. Accordingly, Wilson's objection regarding her Fair Debt Collection Practices Act claim is without

merit.

**F.     Fraudulent Assignment.**

Wilson contends that she properly pleaded fraud with particularity because (1) Randall S. Miller & Associates, PC, "executed an assignment after the commencement of the sheriff sale proceedings between MERS and [HSBC Bank]" and (2) "[t]he parties knowing[ly] followed through with the [foreclosure] proceedings even though they knew they had not properly executed the documents necessary for foreclosure to perfect and then failed to provide Ms. Wilson with notice to mediate a loan modification." (Docket Entry No. 19, at 12–13.)

To plead claims of fraud, a plaintiff must "state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). To satisfy this requirement, a plaintiff must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 569–70 (6th Cir. 2008). At a minimum, a plaintiff "must allege the time, place and contents of the misrepresentations upon which [she] relied." *Id.*

This Court agrees with Magistrate Judge Michelson's recommendation that Wilson "has failed to plead specific information about where and when the statements were made, why the statements are fraudulent, the fraudulent scheme, and the fraudulent intent of the Defendants." (Docket Entry No. 18, at 12.) Regardless, as mentioned in the previous sections, Wilson has not shown that she was prejudiced in any way under *Kim* by fraud or an alleged defect in the foreclosure process.

**G.     Injunctive Relief.**

Wilson contends that "Defendant did violate the Michigan foreclosure law and [that the]

9

foreclosure should be vacated and injunctive relief should be granted in this matter." (Docket Entry No. 19, at 13.) For the aforementioned reasons, Wilson's request for injunctive relief is **DENIED**.

## CONCLUSION AND ORDER

**IT IS ORDERED** that the Court **ACCEPTS** and **ADOPTS** Magistrate Judge Michelson's Report and Recommendation [Docket Entry No. 18]. Wilson's objections are **DENIED**.

**IT IS SO ORDERED.**

    S/Sean F. Cox
    Sean F. Cox
    United States District Judge

Dated: July 1, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 1, 2013, by electronic and/or ordinary mail.

    S/Jennifer McCoy
    Case Manager